IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:22-CR-88-TAV-DCP |
| JARVIS D. HARPER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Jarvis Harper's Motion to Continue Trial and Related Deadlines [Doc. 80], filed on March 8, 2024.

Defendant asks the Court to continue the April 9, 2024, trial date and related March 8 plea deadline [Doc. 80 p. 1]. Defendant's motion states that he is awaiting resolution of a pending motion to suppress and two motions to dismiss, which are currently pending before the Court [*Id.*]. In addition, Defendant claims that granting a continuance will provide the parties the opportunity to explore making a full resolution of the case [*Id.*]. Defendant's motion asserts that Defendant is aware of his right to a speedy trial and that the period between the filing of the motion and a rescheduled trial date would be fully excludable for speedy trial purposes [*Id.* at 2]. The Government does not oppose the requested continuance [*Id.*].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. §

3161(h)(7)(A). Defendant has filed three dispositive motions, seeking the suppression of evidence at trial and the dismissal of Count Four [Docs. 20, 21, & 44]. *See* 18 U.S.C. § 3161(h)(1)(D) (excluding time during which a motion is pending through its prompt disposition). The undersigned held hearings on these motions on March 10, 2023, and August 3, 2023. Following both hearings, the Court permitted post-hearing briefing [Doc. 33 p. 3; Doc. 53, Minutes]. The parties have repeatedly asked to delay filing responses and post-hearing briefs due to counsels' schedules and to permit time to engage in plea negotiations [*See* Docs. 24, 28, 36, 39, 45, 47, 55, 60, 63]. The undersigned filed a Report and Recommendation [Doc. 57] on the suppression motion on September 11, 2023, and the parties requested extension of time for objections [Docs. 58, 64]. Defendant filed objections to the Report and Recommendation on October 20, 2023 [Doc. 67]. The Court Ordered the Government to file a response to Defendant's objections [Doc. 73], which the Government did on December 7, 2023 [Doc. 74]. In addition, the undersigned filed a Report and Recommendation [Doc. 75] on the motion to dismiss on January 19, 20245, and Defendant requested an extension of time to file objections [Doc. 76], which the Court granted [Doc. 77]. Defendant filed objections to the Report and Recommendation on February 16, 2024 [Doc. 78] and the Government responded [Doc. 79].

Now, the District Judge needs time to rule on all dispositive motions. *See* 18 U.S.C. 3161(h)(1)(H) (excluding up to thirty days during which the court has motions under advisement). After receiving rulings on these motions, the parties will need time to prepare the case for trial. Accordingly, the Court finds that not granting a continuance would deny counsel for both parties the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(iv). The Court finds that Defendant's dispositive motions cannot be resolved, and necessary trial preparations completed by the April 9, 2024 trial date.

The Court therefore **GRANTS** Defendant Jarvis Harper's Motion to Continue Trial and Related Deadlines [**Doc. 80**]. The trial of this case is reset to **June 11, 2024**. A new, comprehensive, trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on March 8, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Motion to Continue Trial and Related Deadlines [**Doc. 80**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **June 11, 2024, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **March 8, 2024**, and the new trial date of **June 11, 2024,** is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **May 10, 2024**;

(5) the deadline for filing motions *in limine* is **May 23, 2024**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **May 24, 2024, at 10:30 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **May 31, 2024**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

3

Case 3:22-cr-00088-TAV-DCP   Document 81   Filed 03/12/24   Page 3 of 3   PageID #: 490